# United States District Court
# Central District of California
# Western Division

ORIX RE HOLDINGS, LLC,

           Plaintiff,

   v.

MICHAEL COLLIER,

           Defendant.

CV 25-00401 TJH (KESx)

# Order

The Court has considered Plaintiff Orix Re Holdings, LLC's ["Orix"] motion for an order charging Defendant Michael Collier's interest in 1421 Kings Road, LLC, a California limited liability company ["the Kings Road LLC"], for the unsatisfied amount of a default judgment issued against him by the Eastern District of Michigan, and for an order permitting a foreclosure of that interest [dkt. #10], together with the moving and opposing papers.

In 2014 and 2017, Collier executed loan guarantees for a loan Orix made to HC

Southfield LLC ["Southfield"] to operate an Embassy Suites hotel in Michigan. In 2018, Southfield, allegedly, breached its franchise agreement by failing to maintain operating standards. Thereafter, Orix declared the loan to be in default and accelerated the entire loan amount due. Allegedly, the loan default obligated Collier to pay the loan.

On June 26, 2024, Orix sued Collier in the Eastern District of Michigan, case number 24-CV-11657, for breach of contract for failing to honor his loan guarantees. Because Collier failed to answer, his default was entered. Thereafter, on October 2, 2024, the Eastern District of Michigan's Clerk of Court issued a default judgment in favor of Orix and against Collier in the amount of $7,923,173.47 ["the Judgment"].

On January 14, 2025, Orix registered the Judgment in the Central District of California. On March 4, 2025, the Central District of California's Clerk of Court issued a writ of execution against Collier. Orix, now, seeks to enforce the Judgment against Collier's interest in the Kings Road LLC.

On February 25, 2020, Articles of Organization were filed for the Kings Road LLC. The Articles of Organization stated that the Kings Road LLC will be managed by all limited liability company ["LLC"] members, and that Collier was a manager or member of the LLC. On February 27, 2020, the Kings Road LLC purchased real property located at 1421 Kings Road in Newport Beach, California ["the Kings Road Property"].

Orix, now, moves for an order charging Collier's interest in the Kings Road LLC for the unsatisfied amount of the Judgment, and for permission to foreclose on that interest.

Pursuant to Fed. R. Civ. P. 69(a)(1), the Judgment will be enforced, here, in accordance with California judgment enforcement laws.

The Court may enter an order charging a judgment debtor's interest in an LLC for the unsatisfied amount of a judgment. Cal. Code Civ. Proc. § 17705.3. The charging order, then, becomes a lien on the judgment debtor's interest in the LLC,

which would require the LLC to pay to the judgment creditor any distribution that would otherwise be paid to the judgment debtor. Cal. Corp. Code § 17705.03(a). The Court may appoint a receiver or issue other orders necessary to give effect to the charging order. Cal. Corp. Code § 17705.03(b). Orix did not seek the appointment of a receiver, here.

Neither the California Supreme Court nor the Ninth Circuit Court of Appeals has addressed the standard of proof required for the issuance of a charging order. *Fremont Bank v. Signorelli*, 2023 WL 2505021, *1 (N.D. Cal. 2023). However, District Courts in California have held that, to obtain a charging order, a judgment creditor must present substantial evidence that the judgment debtor owns an interest in an LLC. *See, e.g., Textron Fin. Corp. v. Spanish Springs II, LLC*, 2022 WL 12996098, *2 (C.D. Cal. 2022).

In his opposition, Collier argued that he no longer owns an ownership interest in the Kings Road LLC. To support his opposition, Collier submitted his declaration stating that he is now only the manager of, and no longer a member of, the Kings Road LLC, and that he does not have a current ownership, membership or equity interest in the Kings Road LLC.

Attached to Collier's declaration is a document entitled Assignment of Interest in Limited Liability Company ["the Assignment"] and signed by Collier. The Assignment states, *inter alia*, that, for valuable consideration received, Collier assigned a 100 percent interest in the Kings Road LLC to his wife, Meegan Collier, as the trustee of the Collier Family Trust, dated January 19, 2015 ["the Trust"]. Below the Assignment, on the same sheet of paper, is an Acceptance of Assignment, signed by Meegan Collier, as the trustee of the Trust ["the Acceptance"]. The Assignment and Acceptance are both dated February 28, 2020.

In response to Collier's opposition, Orix's reply papers included a request for judicial notice of, *inter alia*, five documents executed by Collier on behalf of the Kings Road LLC and dated after the February, 28, 2020, date of the Assignment.

Generally, the Court will not consider new facts raised in reply papers if it would deprive the opposing party of fair notice and an opportunity to be heard. *See United States v. Gianelli*, 543 F.3d 1178, 1184, n.6 (9th Cir. 2008). However, Collier has had ample time since the filing of Orix's reply papers on June 26, 2025, to have filed evidentiary objections to the new evidence or to have sought leave to file a sur-reply to respond to the new evidence. Moreover, the reply evidence was presented in rebuttal to the arguments and evidence in Collier's opposition. Consequently, the Court will consider Orix's reply evidence, here.

The Court can take judicial notice of matters of public record, but not of disputed facts contained within those public records. *See Khoja v. Orexigen Therapeutics,* 899 F.3d 988, 999 (9th Cir. 2018). The Court will take judicial notice of the following documents and facts:

1. On March 3, 2020, the Orange County Clerk-Recorder recorded a deed of trust against the Kings Road Property in favor of Lone Oak Fund, LLC. Collier signed that deed as the ***managing member*** of the Kings Road LLC.

2. On January 12, 2021, the Orange County Clerk-Recorder recorded a deed of trust against the Kings Road Property in favor of Sonar Capital, LLC. Collier signed that deed as the ***sole member*** of the Kings Road LLC.

3. On February 11, 2022, Collier filed a statement of information for the Kings Road LLC with the California Secretary of State. Collier signed that statement as the ***manager*** of the Kings Road LLC.

4. On March 15, 2022, the Orange County Clerk-Recorder recorded a deed of trust against the Kings Road Property in favor of Center Street Lending VII SPE, LLC ["Center Street"]. Collier signed that deed as the ***managing member*** of the Kings Road LLC.

5. On October 15, 2024, the Orange County Clerk-Recorder recorded a deed of trust against the Kings Road Property in favor of Center Street. Collier signed that deed as the ***managing member*** of the Kings Road LLC.

The issue, now, is whether Orix has established, with substantial evidence, that Collier has a current ownership interest in the Kings Road LLC.

Collier argued that Meegan Collier is the sole trustee of the Trust, but he did not provide the Court with any trust documents to support that argument, nor did he declare that fact to be true. Collier's threadbare declaration was silent as to whether he is a co-trustee of the Trust. Moreover, Meegan Collier did not submit a declaration, here. It is telling that Meegan Collier did not declare that she – as the sole trustee of the Trust – has been the sole member of the Kings Road LLC since February 28, 2020, and that she has acted in a way since February 28, 2020, that would confirm that she is, indeed, the Kings Road LLC's sole member.

The date of the Assignment and the Acceptance is, coincidentally, the day after the Kings Road LLC purchased the Kings Road Property. While the Court took notice that neither the Assignment nor the Acceptance was notarized, Orix did not argue that notarization is required for either the Assignment or the Acceptance to be effective.

Collier declared that the law firm that is representing him, here – Palmieri, Tyler, Wiener, Wilhelm & Waldron LLP – "prepared and received" the Assignment. However, no attorney from that law firm filed a declaration in support of Collier's opposition to corroborate that the Assignment and Acceptance were, indeed, prepared by that firm or that they were executed on or around February 28, 2020. Moreover, no attorney from that law firm declared that either of the Colliers have ever acted, in any way, that was in accordance with the executed Assignment and Acceptance. Counsels' silence, here, is significant.

There is uncontroverted evidence that Collier continued to sign significant documents – after the date of the Assignment – as either a member or the managing member of the Kings Road LLC. The fact that Collier signed those significant documents as a member or managing member after the date of the Assignment creates significant doubt, here, as to whether the Assignment was, indeed, signed on the date that it was dated. At a minimum, there is a significant question as to whether the

Assignment was simply ignored by Collier when it was convenient for him to ignore it.

By default, LLCs are member-managed, unless an LLC's articles of organization state that it is manager-managed. Cal. Corp. Code § 17704.07(a). The Kings Road LLC's articles of organization stated that it was to be managed by all of its members. There is no evidence that the Kings Road LLC changed its management method to become a manager managed LLC. Consequently, anything signed by Collier as the manager of the Kings Road LLC after the date of the Assignment further solidifies the position that he signed those documents as an LLC member who managed the LLC.

Finally, the judicially noticed documents that Collier signed in 2020, 2021, 2022, and 2024 as either the managing member or the sole member of the Kings Road LLC, by themselves, are significant evidence that he is, still, an LLC member, and that the Assignment and Acceptance had no legal effect or consequence.

Therefore, the Court finds that Orix has presented substantial evidence that Collier continues to own an interest in the Kings Road LLC.

Accordingly,

It is Ordered that Orix's motion for an order charging Collier's interest in the Kings Road, LLC for the unsatisfied amount of the judgment in this action, and for permission to foreclose on that interest, be, and hereby is, Granted.

It is further Ordered that:

1. The transferrable interest of Collier, if any, in the Kings Road, LLC is hereby charged with the unpaid balance of the Judgment. The amount owed on the Judgment is $8,095,029.21 ($7,923,173.47 plus interest of $171,855.74 through April 24, 2025), plus daily interest of $846.58 from April 25, 2025, until the Judgment is satisfied.

2. The Kings Road LLC shall pay to Orix Re Holdings, LLC, c/o Mark J.

Rosenbaum of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, 11400 W. Olympic, Boulevard, 9th Floor, Los Angeles, California 90064, any distributions, money or property due, or that becomes due, directly or indirectly, to Collier for his membership interest in the Kings Road LLC, until the Judgment is fully satisfied.

3. Pursuant to Cal. Corp. Code §§ 16504(b) and 17705.03, a foreclosure sale, by auction, of Collier's transferable membership interest in the Kings Road LLC shall occur by Orix, or its appointed agent or trustee, in a commercially reasonable manner consistent with the following procedures, as provided for in Cal. Comm. Code §§ 9612 to 9617, until the Judgment, plus all accrued interest, attorneys' fees and costs of collection, is fully satisfied:

a. With appropriate prior public notice, the sale shall occur on the southwest corner of Olympic Boulevard and Purdue Boulevard, Los Angeles, California 90064, with the address being 11400 West Olympic Boulevard, Ninth Floor, Los Angeles, California 90064, or at a suitable location selected by Orix, its appointed agent or trustee, within the Central District of California.

b. Orix, its appointed agent or trustee, shall forthwith serve a copy of this Order on Collier, and on Kings Road LLC by service on its agent for service of process, by personal delivery or registered or certified mail, at their last known addresses.

c. Orix, its appointed agent or trustee, shall attempt to sell Kings Road LLC as a single lot to avoid unnecessary expense and resources.

d. Orix, its appointed agent or trustee, may postpone the sale from time to time by continuing the required posting or publication of notice until the date to which the sale is postponed, and appending, at the foot of each such notice, the following:

> The above sale is postponed until the
>
> ___ day of _____, 2025
>
> at _____ o'clock _.M.,
>
> Orix Re Holdings, LLC, Creditor
>
> By: _____, Attorney for Creditor
>
> Dated: _____.

e.  All bidders at the auction shall register, in writing, in advance of the auction on a registration sheet. No undisclosed buyer's agents are allowed, and no undisclosed principals shall be recognized as bidders or successful bidders. Full disclosure and transparency of bidder's identity and agency is required. Once that relationship is disclosed, the bidder shall not be allowed to change it. Before the bidding starts, all bidders shall show evidence of cash, a cashier's checks payable to Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP Attorney Client Trust Account, or a wire transfer to the same trust account in advance of the bidding; the wire transfer shall be refunded if the bidder who wired funds in advance is not the winning bidder. Bidders shall be allowed to bid up to the amount they have disclosed to the auctioneer which shall be noted on the registration sheet. No credit bidding on behalf of any bidder other than Orix, its appointed agent or trustee, shall be allowed.

f.  The successful bidder at the sale, other than Orix, its appointed agent or trustee on a credit bid, shall to pay 100% of the sale price before the bid is accepted.

g.  The successful bidder, other than Orix, its appointed agent or trustee on a credit bid, must present evidence of cash, cashier's check payable to Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP Attorney Client Trust Account, or a wire transfer to the same trust

account in advance of the bidding, which shall be refunded if the bidder who wired funds in advance is not the winning bidder. Failure to comply with this provision shall nullify the winning bid, and the bidding shall not conclude.

h.  The winning bidder at the sale, other than Orix, its appointed agent or trustee on a credit bid, shall be required to pay 100% of the funds due for the purchase price on the day that the auction concludes. Failure to comply with this provision shall nullify the winning bid, and the bidding shall not conclude.

i.  Orix, its appointed agent or trustee, shall be permitted to credit bid at the sale for the charged property up to the amount of the Judgment.

j.  If the terms of the sale are not complied with by the successful bidder, Orix, its appointed agent or trustee, shall proceed to sell the Collier's transferable membership interest in the Kings Road LLC again on the same day if there is sufficient time.  If there is insufficient time, Orix, its appointed agent or trustee, shall schedule and notice a subsequent sale of the charged property as provided for herein.

k.  If the membership interest is sold and the successful bidder complies with this Order's terms of sale, Orix, its appointed agent or trustee, shall execute and deliver all documents necessary to transfer to the successful bidder, without warranty, all the rights, titles, interests, and claims of Collier in the Kings Road, LLC.

l.  Upon completion of the sale, Orix shall report to the Court the outcome of the sale and whether any credits are due to Collier on the Judgment.

m.  If the successful bidder dies before executing and delivering the

ownership transfer document to Orix, its appointed agent or trustee, Orix, its appointed agent or trustee, shall execute and deliver that document to the successful bidder's estate. Delivery to the successful bidder's estate shall have the same effect as if accomplished during the lifetime of the successful bidder.

n.   The successful bidder shall be deemed to be an innocent purchaser without notice if the purchaser would have been considered an innocent purchaser without notice had the sale been made voluntarily and in person by Collier.

o.   Any successful bidder at the sale who fails to comply with this Order's terms of sale shall forfeit to Orix the cash deposit or, at the election of Orix, shall be liable to Orix, on the subsequent sale of Collier's membership interest in the Kings Road LLC for any net loss incurred by Orix as a result of such failure.

p.   Orix, its appointed agent or trustee, may conduct the sale pursuant to the provisions of Cal. Comm. Code §§ 9612 to 9617, as a secured creditor of Collier's charged membership interest in the Kings Road LLC.

q.   Upon the completion of the sale, Orix, its appointed agent or trustee, shall complete and execute the transfer document in a form similar to that attached as Exhibit "A" to Orix's proposed order for its motion for a charging order, and shall note the sales price and any credit due to Collier after the costs of the sale are deducted. Upon receipt of the transfer document by the purchaser at the time of the sale, the title of any interests transferred without impairment, further order of the Court, or any additional consent by anyone, including the Kings Road LLC.

4.   All liens on Collier's membership interest in the Kings Road LLC

subsequent to the lien of Orix by any person or their personal representatives, and by all entities or their assigns and successors, and all liens by all persons claiming from and under Collier, shall be forever barred and foreclosed from all equity of redemption in, and claims to, Collier's membership interest in the Kings Road LLC after delivery of the transfer document to the purchaser, provided those lien holders received legally sufficient advance notice of the sale.

Date: August 20, 2025

_____
Terry J. Hatter, Jr.
Senior United States District Judge